UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ED WHITE, JR. and ELLA WHITE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    *vs.*<br><br>PULMAN, CAPPUCCIO, & PULLEN, LLP; ELLIOT CAPPUCCIO, ESQ.; and JOHN AND JANE DOES 1-25,<br><br>      Defendants. | Civil Action No. 5:19-cv-00535 |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL**

Plaintiffs, ED WHITE, JR. ("ED WHITE") and ELLA WHITE, individually and on behalf of all others similarly situated, by way of Complaint against Defendants, PULMAN, CAPPUCCIO, & PULLEN, LLP ("PULMAN LAW"), ELLIOT CAPPUCCIO, ESQ. ("CAPPUCCIO"), and JOHN AND JANE DOES 1 THROUGH 25 ("DOES"), says:

### I. NATURE OF THE ACTION

1. This action is brought by Plaintiffs, individually and on behalf of the classes they seek to represent, and demanding a trial by jury, for the illegal practices of the Defendants who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, while attempting to collect alleged debts from Plaintiffs in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Texas Debt Collection Act, Tex. Fin. Code § 392, *et seq.* ("TDCA").

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the Plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the use of unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692f; the collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(1); and failing to send within five days after the initial communication with a consumer in connection with the collection of any debt a written notice containing the amount of the debt and a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, 15 U.S.C. §1692g(a)(1), 15 U.S.C. §1692g(a)(4).

5. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. §1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

6. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated or least sophisticated consumer." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). Consistent with both standards, the Fifth Circuit assumes the debtor is "neither shrewd nor experienced in dealing with creditors." *Id.* The Fifth Circuit seeks to protect "all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices." *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).

7. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive,

coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and Deceptive Trade Practices Acts).

8. Plaintiffs, on behalf of themselves and all others similarly situated, seeks statutory damages, actual damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCA, and all other common law or statutory regimes.

9. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## II.  PARTIES

10. ED WHITE is a natural person.

11. At all times relevant to the factual allegations of this Complaint, ED WHITE was a citizen of, and resided in, the City of Helotes, Bexar County, Texas.

12. ELLA WHITE is a natural person.

13. At all times relevant to the factual allegations of this Complaint, ELLA WHITE was a citizen of, and resided in, the City of Helotes, Bexar County, Texas.

14. At all times relevant to the factual allegations of this Complaint, PULMAN LAW was limited liability partnership formed under the laws of the State of Texas.

15. On information and belief, a principal business location of PULMAN LAW is 2161 NW Military Highway, Suite 400, San Antonio, Texas, 78213.

16. At all times relevant to the factual allegations of this Complaint, CAPPUCCIO was licensed by the State of Texas to practice law.

17. CAPPUCCIO is one of PULMAN LAW's named partners.

18. DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

19. On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of the named Defendants that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by the named Defendants and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

### III. JURISDICTION AND VENUE

20. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21. Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

22. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

23. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendants regularly transact business within this federal judicial district and, therefore, reside in the State of Texas within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV. FACTUAL ALLEGATIONS

24. PULMAN LAW and CAPPUCCIO regularly engage in the collection of defaulted

consumer debts.

25. PULMAN LAW and CAPPUCCIO regularly engage in the collection of defaulted consumer debts owed to others.

26. In attempting to collect debts, PULMAN LAW and CAPPUCCIO use the mail, telephone, Internet, and other instruments of interstate commerce.

27. With respect to the debt relevant to this class action PULMAN LAW and CAPPUCCIO acted in concert for the purpose of generating revenue from acquiring and then attempting to collect primarily consumer debts.

28. PULMAN LAW and CAPPUCCIO mailed or caused to be mailed a letter dated May 18, 2018 (the "Letter") to ED WHITE and ELLA WHITE (collectively "Plaintiffs").

29. A true and correct copy of the Letter is attached as ***Exhibit A***, except that the undersigned has partially redacted it.

30. The Letter alleged Plaintiffs had incurred and defaulted on a financial obligation (the "Debt"), namely "assessments" and other charges owed to Fossil Springs Ranch Homeowners Association, Inc.

31. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

32. The Letter was PULMAN LAW and CAPPUCCIO's first written communication with Plaintiffs attempting to collect the Debt.

33. On information and belief, sometime prior to May 18, 2018, Fossil Springs Ranch Homeowners Association, Inc. either directly or through intermediate transactions assigned, placed, or transferred the Debt to PULMAN LAW for collection.

### A.    *The Misrepresentation of the Amount of the Debt*

34.    Above the salutation, the Letter stated:

"Amount Owed: $3,001.92 ($2,738.20 assessments and charges on enclosed account statement; $250.00 attorney's fees; and $13.72 expenses)."

35.    In the body, the Letter stated in part:

"The amount owed may continue to increase by reason of expenses, future assessments, and other charges.  Please forward to this office located at 2161 N.W. Military Hwy., Suite 400, San Antonio, Texas 78213 a cashier's check or money order in the full amount owed, payable to 'Fossil Springs Ranch Homeowners Association, Inc."

36.    The Letter failed to accurately convey the amount due because it does not specify when, in what amount, or in what manner, "expenses, future assessments, and other charges" will increase.

37.    The Letter provided conflicting information regarding the amount due in that it states the "Amount Owed" is $3,001.92 and then states "[t]he amount owed may continue to increase by reason of expenses, future assessments, and other charges."

38.    The Letter is materially false, deceptive, and misleading to a least sophisticated consumer and/or unsophisticated consumer because it is unclear whether the Debt is static or accruing daily "expenses, future assessments, and other charges."

39.    Plaintiffs understood the Letter, as would least sophisticated or unsophisticated consumers, to mean that the only way to ascertain the amount of the Debt was to call PULLMAN LAW or CAPPUCCIO.

40.    Upon reading the Letter, Plaintiffs were uncertain as to the amount of the Debt that was allegedly owed and how much they would have to pay to satisfy the Debt in full.

41.    The Letter deprived Plaintiffs of truthful, non-misleading information in connection with Defendants' attempt to collect the Debt.

### B. *The Attempt to Collect Amounts Not Authorized by Agreement or Permitted by Law*

42. On information and belief, the Letter was created by merging information specific to a debt on a consumer with a template to create what is commonly referred to as a "form letter."

43. The Letter included an Account Transaction Report with an itemized assessment of the Debt.

44. The Account Transaction Report included $20.00 for "Legal Charges in Connection with the Collection of Delinquent Assessments – Invoice 132173" assessed on May 15, 2018.

45. Plaintiffs have never engaged PULMAN LAW or CAPPUCCIO for legal services.

46. Plaintiffs are informed and believe, and on that basis allege that they do not owe $20.00 for "Legal Charges in Connection with the Collection of Delinquent Assessments."

47. Plaintiffs are informed and believe, and on that basis allege that they do not owe $13.72 in "expenses" as stated above the salutation of the Letter.

48. Plaintiffs are informed and believe, and on that basis allege that they do not owe $250.00 for "attorney's fees" as stated above the salutation of the Letter.

49. The charging of $250.00 for attorney's fees by PULMAN LAW and CAPPUCCIO to Plaintiffs for sending a two-page Letter in the form of *Exhibit A* is excessive.

50. The "Legal Charges," "expenses," and "attorney's fees" charged by PULMAN LAW and CAPPUCCIO constitute the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the Debt.

51. The "Legal Charges," "expenses," and "attorney's fees" charged by PULMAN

LAW and CAPPUCCIO constitute the collection of an amount incidental to the principal obligation that is not expressly authorized by Texas Law.

C.  *The Misrepresentation of Plaintiffs' Rights Under 15 U.S.C. §1692g*

52. In the body, the Letter stated in part:

> "If you notify us that you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the letter, then we will obtain verification of the debt and mail it to you."

53. The Letter failed to notify Plaintiffs that their dispute must be "in writing" in order for PULMAN LAW or CAPPUCCIO to be legally required to obtain verification of the debt pursuant to 15 U.S.C. §1692g(a)(4).

54. Upon reading the letter, Plaintiffs believed, as would any least sophisticated consumer and/or unsophisticated consumer, that they could obtain verification of the debt by calling the telephone number provided on the Letter.

55. Without a statement in the letter that requests for information under 15 U.S.C. §1692g(a)(4) must be in writing the unsophisticated consumer "is not simply uncertain of her rights under the statute, she is completely unaware of them." *Osborn v. Ekpsz, LLC,* 821 F. Supp. 2d 859, 870 (S.D. Tex. 2011) (quoting *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002).

D.  *The False Implication that the Letter was From an Attorney*

56. At the top of the Letter, the letterhead stated "Pulman, Cappuccio, Pullen, Benson & Jones, L.L.P."

57. In the body, the Letter informs Plaintiffs that "this law firm" represents Fossil Springs Ranch Homeowners Association, Inc.

58. The Letter was signed:

Very truly yours,

*/s/ Elliott S. Cappuccio*

Elliot S. Cappuccio

59. On information and belief, no licensed attorney had direct personal involvement in the drafting and mailing of the Letter.

60. On information and belief, no licensed attorney considered the particular circumstances of the Debt prior to causing the Letter to be sent.

61. The Letter gives the false impression to a least sophisticated consumer or unsophisticated consumer that it was from an attorney when, in fact, the Letter was not from an attorney in any meaningful sense of the word.

## V. POLICIES AND PRACTICES COMPLAINED OF

62. It is the policy and practice of Defendants to engage in unfair and deceptive acts and practices in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(3), 1692e(10), 1692f, 1692f(1), 1692g(a), 1692g(a)(4), as well as Tex. Fin. Code §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(8), 392.304(a)(12), 392.304(a)(16), 392.304(a)(17).

63. On information and belief, the Letter was created by merging information specific to a debt on a consumer with a template to create what is commonly called a "form letter."

64. Consequently, on information and belief, PULMAN LAW and CAPPUCCIO caused form letters, in the form attached as *Exhibit A*, to be mailed to others who are similarly situated with Plaintiffs.

## VI. CLASS ALLEGATIONS

65. Defendants' conduct is consistent with their policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by ED WHITE and ELLA WHITE, both individually and on behalf of all other persons similarly situated,

pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66. Plaintiffs seek to certify a class and a sub-class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

67. *Class Definition.* The Class consists of: All natural persons to whom Defendants mailed a written communication in the form of *Exhibit A* to an address in the State of Texas during the Class Period which begins on May 17, 2018 and ends on June 7, 2019

68. The identities of the Class members are readily ascertainable from PULMAN LAW and CAPPUCCIO's business records or those entities on whose behalf PULMAN LAW and CAPPUCCIO attempted to collect debts.

69. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendants having mailed a written communication in the form of *Exhibit A* to such Class member.

70. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation.

71. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

72. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by PULMAN LAW and CAPPUCCIO with respect to each Class member.

73. *Typicality.* Plaintiffs' claims are typical of those of the Class because those claims arise from a common course of conduct engaged in by PULMAN LAW and

CAPPUCCIO.

74. *Adequacy.* Plaintiffs will fairly and adequately protect the interests of the Class members insofar as Plaintiffs have no interest adverse to the Class members. Moreover, Plaintiffs are committed to vigorously litigating this matter and have retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76. Based on discovery and further investigation (including, but not limited to, disclosure by PULMAN LAW and CAPPUCCIO of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VII. COUNT ONE: VIOLATION OF THE FDCPA

77. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

78. PULMAN LAW is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

79. CAPPUCCIO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

80. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

81. ED WHITE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

82. ELLA WHITE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3).

83. ***Exhibit A*** is a "communication" as defined by 15 U.S.C. §1692a(2).

84. The use and mailing of ***Exhibit A*** by Defendants in an attempt to collect the debt violated the FDCPA in one or more of the following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15. U.S.C. §1692e;

    (b) Using a false representation of the character, amount, or legal status of any debt, or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2);

    (c) Making the false representation or creating the false implication that an individual is an attorney or that any communication is from an attorney in violation of 15 U.S.C. §1692e(3);

    (d) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10);

    (e) Collecting a debt using unfair means in violation of 15 U.S.C. §1692f;

    (f) Collecting any amount, including any interest, fee, charge, or expense incidental to the principal obligation, that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1);

    (g) Failing to state the amount of the Debt in an unambiguous manner as required by 15 U.SC. §1692g(a)(1); and,

  (h)  Failing to state that requests for verification of the debt must be in writing in violation of 15 U.S.C. §1692g(4).

85. The conduct of Defendants invaded the rights of Plaintiffs that are protected by the FDCPA, the invasion of which caused an injury-in-fact.

86. Based on a single violation of the FDCPA, Defendants are each liable to Plaintiffs and, if this case is maintained as a class action under Fed. R. Civ. P. 23, to the Class for such relief as allowed under 15 U.S.C. §1692k.

### VIII. COUNT TWO: VIOLATION OF THE TDCPA

87. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

88. Each Defendant is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

89. Each Defendant is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

90. Each Defendant is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

91. The obligation Defendants sought to collect from Plaintiffs is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

92. ED WHITE is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

93. ELLA WHITE is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

94. The use and mailing of *Exhibit A* by Defendants in an attempt to collect the debt violated the TDCPA in one or more of the following ways:

  (a)  Collecting or attempting to collect interest or a charge, fee, or expense

      incidental to the obligation that is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer in violation of Tex. Fin. Code. §392.301(a)(2);

(b) Misrepresenting the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code §392.304(a)(8);

(c) Representing that a consumer debt may be increased by the addition of attorney's fees in violation of Tex. Fin. Code §392.304(a)(12);

(d) Using a communication that purports to be from an attorney or law firm if it is not in violation of Tex. Fin. Code §392.304(a)(16); and,

(e) Representing that a consumer debt is being collected by an attorney when it is not in violation of Tex. Fin. Code 392.304(a)(17).

## IX. PRAYER FOR RELIEF.

95. WHEREFORE, Plaintiffs respectfully request the Court enter judgment against Defendants, PULMAN LAW, CAPPUCCIO, and JOHN AND JANE DOES 1-25 jointly and severally, as follows:

### A. *With respect to Count One:*

96. Certifying this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing Plaintiffs as representatives of the Class and their attorneys as class counsel;

97. Awarding such actual damages as may be proven to Plaintiffs and to the members of the Class pursuant to 15 U.S.C. § 1692k(a)(1);

98. Awarding statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

99. Awarding statutory damages for the Class pursuant to 15 U.S.C.

§ 1692k(a)(2)(B)(ii);

100. An incentive award for Plaintiffs, in connection with their services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

101. Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

102. Awarding costs of suit as allowed by law;

103. Awarding such actual damages to Plaintiffs and to the members of the Class, to the extent the recovery of attorney's fees and costs causes a negative tax consequence to Plaintiffs or Class Members; and

104. For such other and further relief as may be just and proper.

### B. With respect to Count Two:

105. Certifying this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing Plaintiffs as representatives of the Class and their attorneys as class counsel;

106. Awarding injunctive relief to prevent or restrain further violations of Chapter 392 of the Texas Finance Code pursuant to Tex. Fin. Code § 392.403(a)(1);

107. For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating Defendants' collection conduct complained of herein violates the violates the TDCA;

108. Awarding such actual damages as may be proven to Plaintiffs and members of the Class pursuant to Tex. Fin. Code § 392.403(a)(2);

109. An incentive award for Plaintiffs, in connection with their services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

110. Adjudging Plaintiffs to have successfully maintained an action under Tex. Fin.

Code § 392.403(a), and awarding reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b);

111. Awarding costs of suit as allowed by law;

112. Awarding such actual damages to Plaintiffs and to the members of the Class, to the extent the recovery of attorney's fees and costs causes a negative tax consequence to Plaintiffs or Class Members; and

113. For such other and further relief as may be just and proper.

## X. JURY DEMAND.

114. Demand is hereby made for trial by jury.

Respectfully submitted this 17th day of May 2019,

*s/ Andrew T. Thomasson*
*Andrew T. Thomasson, Esq.*
Andrew T. Thomasson NJ Bar No. 048362011)
Philip D. Stern (NJ Bar No. 045921984)
Francis R. Greene (IL Bar No. 6272313)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1329
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: andrew@sternthomasson.com
E-Mail: philip@sternthomasson.com
E-Mail: francis@sternthomasson.com

William M. Clanton, Esq. (TX Bar No. 24049436)
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Drive
San Antonio, TX 78216
Telephone: (210) 226-0800
Facsimile: (210) 338-8660
E-Mail: bill@clantonlawoffice.com

*Attorneys for Plaintiffs, Ed White, Jr., and Ella White*